Mrs. Winifred M. ROBERD, Appellant,

v.

**FIRST FEDERAL SAVINGS AND LOAN
ASSOCIATION, Appellee.**

No. 11974.

Court of Civil Appeals of Texas,
Austin.

Jan. 24, 1973.

Rehearing Denied Feb. 21, 1973.

---

Martin J. DeStefano, Austin, for appellant.

Fred B. Werkenthin, Small, Herring, Craig & Werkenthin, Austin, for appellee.

PHILLIPS, Chief Justice.

This was an action brought by Mrs. Winifred M. Roberd, appellant, against First Federal Savings & Loan Association, appellee, Martha Ann Sides, and Ellis Wayne Sides. By her suit, appellant sought rescission of a warranty deed executed between herself and the Sides (defendants below), and cancellation of a lien held by First Federal against a house and lot owned by appellant.

Trial was to a jury after which judgment was rendered cancelling the deed, but allowing the lien in favor of appellee to stand. Upon severance of the action against appellee, First Federal, appellant perfected her appeal from the latter portion of the judgment only. The Sides have not appealed.

We affirm the judgment of the trial court reinstating the lien against appellant's property.

The facts of this case are as follows: Prior to July 26, 1966, appellant, an elderly blind woman, owned a lot in Austin upon which her home was located and against which there was in existence at that time a lien in the amount of $10,413.31 in favor of First Federal. On July 26, 1966, in the offices of First Federal, appellant, by warranty deed, conveyed this property to her foster daughter, Martha Ann Sides, and Martha's husband, Ellis Wayne Sides. The deed recited consideration of $13,700 secured by a vendor's lien which was assigned to appellee pursuant to the same agreement. For its part, appellee, which also received as additional security a deed of trust executed by the Sides, released the prior lien owned by appellant in the amount of $10,-413.31. It will be observed that the net effect of this transaction (aside from the conveyance of title to the house) was to increase the face amount of the lien in favor of First Federal by some $3,286.69 and change the debtor thereon from appellant to the Sides. The only cash actually transferred was some $2,930.34, being the sum of $3,286.69, less closing costs. Under the agreement, appellant was to have the cash as consideration for the conveyance over and above the sum required to obtain release of the prior lien.

Appellant asserted that this transaction was voidable because it did not reflect the agreement which she had reached with the Sides. It was appellant's contention that she intended only to allow the Sides to share ownership with her and that they fraudulently induced her to sign a document which did not reflect their agreement. She further alleged that the memorandum of this agreement was prepared by an employee of First Federal, and that, in spite of the fact that she was obviously blind, at no time did an agent of First Federal read or explain the instrument to her.

On the jury's answers to issues submitted, the trial court rendered judgment against the defendants Sides and rescinded the deed in question. Insofar as relief was sought against appellee, however, recovery

was denied appellant. Instead of cancelling the lien, as sought by appellant, the trial court reinstated the prior lien in the amount of $10,413.31 upon which appellant was the debtor and added thereto the $2,930.34 received by appellant pursuant to the transaction. Thus appellant is in the same position that she was in prior to the fraudulent transaction.

Appellant is before us on fourteen points of error, which we overrule. These points, in effect, present three questions to be decided by this Court.

The first question is the theory upon which appellant predicates her cause of action against appellee. Although appellant alleges negligence in that appellee's agents failed to read the deed to appellant, there are no jury findings, nor were any findings sought, upon which a recovery can be sustained under this theory. The only two findings pertaining to appellee were, first, whether Claude Pharies (an agent of appellee) was asked by plaintiff (appellant) to prepare a deed conveying the house and lot in question to plaintiff and Defendants Martha Ann Sides and Ellis Wayne Sides; the second, whether Ruth Henninger (another agent of appellee) failed to explain to plaintiff (appellant) that the deed dated July 26, 1966, conveyed the house and lot in question to Defendants Martha Ann Sides and Ellis Wayne Sides and to them only. The jury answered the first issue in the negative, and the second in the affirmative. No citation of authority is needed to support the holding that these findings alone are patently insufficient to support an action for negligence. Furthermore, Mrs. Henninger was under no duty to read the deed to appellant. A person unable to read is under a legal duty to procure some person to read and explain the document before signing it. Indemnity Insurance Company v. W. L. Macatee and Sons, 129 Tex. 166, 101 S.W.2d 553 (1937); Associated Employers Lloyds v. Howard, 156 Tex. 277, 294 S.W.2d 706 (1956).

Although the jury found that appellant was induced by fraud of the Sides to part with her title to the property, there is no evidence that she was fraudulently induced to accept the payments made by First Federal (the discharge of her existing note to First Federal and the additional $3,000) in exchange for a lien interest in the property on behalf of First Federal. Fraud requires that there be a material misrepresentation upon which a party acts in reliance to his injury and damage. Crofford v. Bowden, 311 S.W.2d 954 (Tex. Civ.App. Ft. Worth, 1958, err. refd.). In her testimony, appellant readily admitted that both loans were made to her and that she received the proceeds from the loans.

The next question presented is whether the trial court erred in failing to terminate First Federal's lien interest in the property because the deed to the Sides transferring the lien to the Sides had been declared void. We hold that the trial court did not err in this respect. A vendor's lien is substantially a mortgage. Moran v. Wheeler, 87 Tex. 179, 27 S.W. 54 (1894). The rule with respect to mortgages is that fraud perpetrated by a third person without the instigation, procurement, knowledge or consent of the mortgagee will not affect the mortgage or impair the security of the mortgage. 55 Am.Jur.2d 249, Mortgages, Section 86; Dimmitt v. Robbins, 74 Tex. 441, 12 S.W. 94 (1889); Banks v. Cartwright, 26 S.W.2d 708 (Tex.Civ.App. El Paso, 1930, no writ).

The trial court, exercising its equitable jurisdiction, correctly held that appellant's original note with First Federal should be reinstated and that the additional money advanced by First Federal should be secured by a second lien in First Federal's favor. Appellant has no valid basis for complaint here. The cases are legion holding that one seeking an equity to cancel a contract or a document for fraud must offer to restore the *status quo*. Guadalupe-

**246**

Blanco River Authority v. City of San Antonio, 145 Tex. 611, 200 S.W.2d 989 (1947).

Finally, appellant contends that the court below erred and abused its discretion in allowing appellee, after trial and verdict, to file an amended answer specifically setting up the prior lien. In this contention appellant attempts to characterize the trial amendment as a new cause of action of which appellant had no notice at trial and which was not tried by consent. Allowing the amendment, says appellant, deprived appellant of the right to respond to this new action, with pleadings, exceptions, evidence, or requests for issues. Appellant further contends that the claim is barred by laches, and, finally, that since this amendment was in the custody of the court for almost one year before the court delivered it to the clerk to be filed with the papers in the case, Rule 74 T.R.C.P. was not complied with and the amendment is not properly before this Court. We overrule these contentions.

In the first place, it is our view that this amendment injected nothing new into the case and was not in fact an indispensable element in the foundation of the judgment rendered. The existence of the prior lien was undisputed from the moment it was first injected into the case by appellant *herself in her first amended original petition.* The essential effect of the amended answer was merely to make more explicit the fact that the prior lien had existed, and this Court cannot say that the trial court abused its discretion in allowing the amendment. Rules 66, 67, Texas Rules of Civil Procedure; Mergele v. Houston, 436 S.W.2d 951 (Tex.Civ.App.1968, writ ref. n. r. e.); Moulton v. Alamo Ambulance Service Inc., 414 S.W.2d 444 (Tex.1966).

Nor could it be said that the trial amendment breaks new ground insofar as it alleges that appellant received the additional consideration (i. c. $2,930.34) involved in the transaction. Although appellant contends that she did not in fact receive the full "benefit" of this payment, it was undisputed that pursuant to the agreement, and in actual fact, she did receive the money. The trial amendment went no further than this, and therefore was well within the scope of the issues involved in the trial. Thus there was no abuse of discretion in allowing the amendment.

The judgment of the trial court is affirmed.

Affirmed.