James J. BROPHY, Appellant,

v.

Mary E. BROPHY, Appellee.

No. 8736.

Court of Civil Appeals of Texas, Texarkana.

March 25, 1980.

Rehearing Denied April 29, 1980.

John A. Pace, Dallas, for appellant.

John M. Gillis, Dallas, for appellee.

RAY, Justice.

This is a suit on a contract. Mary E. Brophy, appellee (plaintiff), brought suit against James J. Brophy, appellant (defendant), seeking the recovery of $3,150.00 in delinquent contractual alimony payments and reasonable attorney's fees. James Brophy sought an offset against his required payment of $350.00 per month by the amount of social security benefits Mary Brophy could receive ($178.40 per month) if she elected to draw his social security benefits rather than her own social security benefits. The case was tried to the court on an agreed statement of facts. Judgment was entered in favor of Mary Brophy for the recovery of $3,150.00, together with interest at the rate of 9% per annum, plus attorney's fees in the sum of $1,380.00.

The property settlement agreement between the parties at the time of their divorce expressly provided that after the youngest child of the marriage attained the age of eighteen years, that James Brophy was to make contractual alimony payments in the sum of $350.00 per month to Mary Brophy until the date of death of either James or Mary. Appellant has admitted that he has not made the payments alleged to be due.

The case was tried on an agreed statement of facts, but there is neither evidence nor stipulation that James Brophy is collecting social security benefits or that he is entitled currently to collect social security benefits. Likewise, there is neither evidence nor stipulation that Mary Brophy is entitled to receive any social security benefits derivative from her former husband's supposed eligibility.

The parties did, however, make the following stipulations:

(1) That Mary Brophy worked for several years following the divorce, and is presently receiving social security monthly payments of $146.90 based on credits earned pursuant to her employment; and

(2) That Mary Brophy's attorney was to receive a reasonable attorney's fee for services rendered as set by the trial court.

Appellant complains that the trial court erred in denying him a "credit" for social security benefits available to Mary Brophy on his monthly obligation to make payment as set forth in the 1967 divorce decree; and that the court erred in awarding attorney's fees in violation of Article 2226, Tex.Rev. Civ.Stat.Ann. Both points of error will be overruled.

Initially, it must be recognized that a case tried upon an agreed stipulation of facts is considered to have the nature of a special verdict, and is a request by the litigants for judgment in accordance with the applicable law. *Hutcherson v. Sovereign Camp, W.O.W.*, 112 Tex. 551, 251 S.W. 491 (1923). In *Hutcherson* it was stated:

"The courts are without power, in the absence of a provision in the agreed statement providing otherwise, to draw any inference, or find any facts, not embraced in the agreement, unless, as a matter of law, such other inferences are necessarily compelled; and the judgment of the court must only declare the law which necessarily arises from the facts agreed upon. . . ."

The dispute on appeal is limited to the single issue of the correctness of the trial court's application of the law to the admitted facts. *Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709 (1945).

Appellant's first point of error is without merit because there is no stipulation that appellant is presently receiving or eligible to receive social security benefits. Without such stipulation, there was nothing for the trial court to consider on appellant's theory of being entitled to a "credit." Appellant's first point of error is overruled.

Appellant's second point of error is also without merit because Article 2226, Tex.Rev.Civ.Stat.Ann., was amended effective August 29, 1977, to allow attorney's fees in suits founded on oral or written contracts. James Brophy's obligation to pay is based upon a written property settlement agreement incorporated into the divorce decree of 1967. The determinative date is not 1967, but 1978, the year in which the instant suit was filed. Since the cause of action arose subsequent to the 1977 amendment to Article 2226, the award of attorney's fees for services rendered in enforcing the parties agreement was proper. It is apparent from the record that the entire amount awarded by the court for contractual alimony represented payments which became delinquent following the effective date of the amendment. Both the breach of the contract and the suit to recover the delinquent payments occurred after the effective date of the amendment. Appellee was entitled to recover attorney's fees pursuant to statutory authority. Further, appellant stipulated that appellee's attorney was to receive a reasonable fee as set by the court. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.

## ON MOTION FOR REHEARING

Appellant insists that *Rio Grande Valley Sugar Growers, Inc. v. Campesi*, 580 S.W.2d 850 (Tex.Civ.App. Corpus Christi 1979), *rev'd on other grounds*, 592 S.W.2d 340 (1979), is applicable. The Corpus Christi Court of Civil Appeals held that since *Campesi* was tried *prior* to the effective date of the amendment to Article 2226, which now authorizes recovery of attorney's fees to the prevailing party in a properly brought suit on an oral or written contract, the court could not give the statutory amendment retroactive effect. We do not disagree with that court's holding. The case is simply not applicable to the case before this Court. Here the case was filed and tried *after* the effective date of the amendment to Article

2226. Further, appellant *stipulated* that appellee's attorney was to receive a reasonable fee as set by the court. Appellant's motion for rehearing is overruled.