In the Matter of an ANONYMOUS MEMBER OF the
SOUTH CAROLINA BAR, Respondent.
(367 S. E. (2d) 17)

Supreme Court

March 28, 1988.

ORDER

PRIVATE REPRIMAND

*Per Curiam:*

This is an attorney disciplinary matter. Respondent has been a member of the South Carolina Bar for over twenty years and has no prior disciplinary record. The Hearing Panel recommended that respondent be publicly reprimanded for improper fee splitting. The Executive Committee recommended a public reprimand for improper fee splitting and aiding nonlawyers in the unauthorized practice of law. Based upon our review of the record, we find that the respondent improperly split fees and the appropriate sanction is a published anonymous private reprimand.

From approximately January 1979 to July 1983, respondent employed investigators, none of whom were licensed to practice law, to investigate civil and criminal cases. As a part of respondent's compensation plan, two of these investigators received an annual salary, reimbursement for mileage and expenses, health insurance, retirement benefits, and a guaranteed minimum semiannual bonus. These bonuses were paid bimonthly and computed at six to eight percent of the legal fees generated in a particular case on which an investigator had worked.[1]

Respondent contends that the bonuses did not constitute improper fee splitting but were compensatory payments designed to encourage the timely and effective processing of cases. Disciplinary Rule 3-102(A) of the Code of Professional Responsibility provides that a lawyer may not share or split legal fees with a non-lawyer. South Carolina Code of Professional Responsibility DR 3-102(A) (1987). The purpose of this rule is to discourage the unauthorized practice of law by lay persons and to prevent a non-lawyer from having a vested pecuniary interest in an attorney's disposition of a case that could possibly take preeminence over a client's best interest. Id. *See also,* South Carolina Code of Professional Responsibility EC 3-8 (1987). With respect to the rule prohibiting fee splitting, Disciplinary Rule 3-102(A)(3) is an exception to that prohibition. DR 3-102(A)(3) states:

---

[1] Sometime after 1983, respondent consulted a lawyer concerning his method of compensation. As a result, he subsequently paid his investigators a salary plus bonuses which were not tied to a percentage of legal fees generated.

> A lawyer or law firm may include non-lawyer employees in a retirement plan, even though the plan is based in whole or in part on a profitsharing arrangement.

*See,* South Carolina Code of Professional Responsibility DR 3-102(A)(3) and EC 3-8 (1987). Clearly the bonuses were not part of a retirement plan and appear to be outside the scope of this exception. To circumvent this dilemma, respondent claims that the bonuses paid to the investigators were compensatory payments and argues that the fee-splitting rule was not intended to apply to compensatory payments to lay employees. In support of this argument, respondent refers to the American Bar Association's (ABA) Model Code of Professional Responsibility which the ABA adopted in 1969. DR 3-102(A)(3) of the present South Carolina Code of Professional Responsibility contains the exact language of DR 3-102(A)(3) of the 1969 ABA Code of Professional Responsibility. However, DR 3-102(A)(3) of the ABA Model Code was amended in 1980 by the following underlined language:

> A lawyer or law firm may include non-lawyer employees in a *compensation* or retirement plan, even though the plan is based in whole or in part on a profit-sharing arrangement providing such plan does not circumvent another disciplinary rule.

*See,* ABA Model Code of Professional Responsibility DR 3-102(A)(3). *See also,* ABA Comm. on Ethics and Professional Responsibility, Informal Op. 1440 (1979) (Committee ruled that original version of the Model Code—the current version of the South Carolina Model Code—did not invalidate compensation plans for lay employees based on a percentage of profits).

Conversely, the complainant avers that the legislative history of DR 3-102(A)(3) is not relevant to respondent's case because South Carolina has not adopted the ABA's amended version in its Code of Professional Responsibility. We find the legislative history of the ABA Rule relevant because the amendment was not promulgated to change the original ABA version of DR 3-102, but rather to clarify its original intent. Hence, we conclude that compensation plans

28

based upon a percentage of the profits or untied to a percentage of a particular legal fee may be permissible.

In this case the method of computing the bonus compensation payments was dependent upon the attorney fees awarded in specific cases processed. The bonuses the investigators received were directly related to a percentage of the fees generated in the individual cases they investigated. Clearly, this practice violated the letter and the spirit of the Code's prohibition on fee splitting between lawyers and non-lawyers.

Based upon the record, we conclude that the appropriate sanction is a published anonymous private reprimand.