The CITY OF GALVESTON, Texas, and Freddie L. Poor, Chief of Police, Appellants,

v.

Norman GILES, Appellee.

No. 01–94–00970–CV.

Court of Appeals of Texas.

June 15, 1995.

Barbara Elliott–Roberts, Galveston, for appellants.

Joseph M. King, Pasadena, for appellee.

Before OLIVER–PARROTT, C.J., and TAFT and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

▆▆▆ We are asked to decide whether a Galveston Police Department residency rule requiring officers to live within certain parts of Galveston County or Harris County is void and unenforceable. The parties submitted the issue of reasonableness of the regulation to the court on an agreed statement of facts. Tex.R.Civ.P. 263.[1] The court found the police department's residency rule was void and unenforceable. We reverse and render.

### Fact summary

In 1991, the Galveston Police Department suspended Officer Norman Giles for five days for violating a department rule requiring employees to live within the county limits of Galveston (except for Port Bolivar), or within the Harris County portion of the City of Friendswood. Giles, a resident of Houston, appealed the suspension to an independent hearing examiner pursuant to Tex.Local Gov't Code Ann. § 143.057 (Vernon 1988).

▆▆ The hearing examiner found it did not have jurisdiction over the case because there were no factual issues to resolve, because, he found, the case presented only a legal issue for the court. See Tex.Local Gov't Code Ann. § 143.057(j) (Vernon 1988) (a district court may hear an appeal of a hearing examiner's award only on the grounds that the arbitration panel was without jurisdiction). Giles appealed that decision by filing suit in

---

1. The judgment states it was rendered on the parties' trial briefs. At oral argument, the parties agreed they submitted the case on an agreed statement of facts under rule 263. Although the stipulation was not signed and certified by the trial court, it is clear this case was tried on stipulated facts. *Crow–Southland Joint Venture v. North Fort Worth Bank*, 838 S.W.2d 720, 723 (Tex.App.—Dallas 1992, writ denied). Even when the parties do not follow the technical requirements of rule 263, if the final judgment appears to be the product of a rule 263 agreed case, the appellate court should treat it as one. *Trinity Universal Ins. Co. v. Fidelity Cas. Co.*, 837 S.W.2d 202, 203 (Tex.App.—Dallas 1992, no writ) (judge did not sign certificate); *Lambda Constr. Co. v. Chamberlin Waterproofing & Roofing Sys.*, 784 S.W.2d 122, 125 (Tex.App.—Austin 1990, writ denied) (issue submitted "on briefs" and after telephone conference). Therefore, we will consider this appeal as an agreed case under Tex.R.Civ.P. 263.

district court. The district court had jurisdiction over an appeal on whether the hearing examiner had jurisdiction. *See City of Carrollton v. Popescu,* 806 S.W.2d 268, 271 (Tex.App.—Dallas 1991, no writ).

Giles sued the City of Galveston, and the chief of police, Freddie Poor, in his official capacity (collectively, the City), to overturn his suspension and remove it from his personnel file. Giles sought a declaration judgment that the Galveston Police Department's residency requirement is ineffective as written and illegal as enforced, and that the provisions of chapter 150.021 apply to the City. Giles also sued to recover court costs and attorney fees. In its answer, the City asserted a general denial, and counterclaimed for a declaration that the police department rule is valid and enforceable.

The court considered the case based on the following stipulations of fact: (1) Giles does not live within the geographical area described by the regulation; (2) City officials decided that 30–minute response time was a reasonable response time for police officers; (3) there are places in Harris County and Brazoria County as close or closer in distance (not necessarily in travel time) to the City of Galveston than those areas included within the boundaries of the police department regulation.

■ Based on the stipulations, the trial court found it had jurisdiction to consider the case, the police department's residency rule was void and unenforceable, and the City owed Giles $494.05 with interest in back pay, and court costs.[2]

■ To properly address the City's points of error, we must first examine the legal context of this suit. The City of Galveston is a home-rule municipal corporation organized under the laws of the State of Texas. Under Article 11, § 5 of the Texas Constitution, the City's powers are plenary, subject only to the limitations of the City's own charter, ordinances, and superior stat-

utes. *Bolton v. Sparks,* 362 S.W.2d 946, 950 (Tex.1962); *City of Dallas v. Parker,* 737 S.W.2d 845, 847 (Tex.App.—Dallas 1987, no writ). A municipality can adopt regulations only as they are authorized by and consistent with its municipality ordinances and in compliance with statutory directives. *See Bolton,* 362 S.W.2d at 950. In construing a municipal regulation, a court's primary duty is to carry out the intentions of the municipal legislative body. *See id.* (construction of zoning ordinance); *J.B. Advertising, Inc. v. Sign Bd. of Appeals,* 883 S.W.2d 443, 447 (Tex. App.—Eastland 1994, writ denied) (construction of municipal sign ordinance).

■ Municipal regulations are presumed valid and the burden of demonstrating their invalidity is on the party challenging them. *City of Waxahachie v. Watkins,* 154 Tex. 206, 275 S.W.2d 477, 480–481 (1955). Because we presume the regulation here is valid, Giles had the burden of proving that the City regulation was arbitrary and unreasonable.

■ A case submitted to the court upon an agreed stipulation of facts under TEX.R.CIV.P. 263 is in the nature of a special verdict and is a request by the litigants for judgment in accordance with the applicable law. *State Bar of Texas v. Faubion,* 821 S.W.2d 203, 205 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *Brophy v. Brophy,* 599 S.W.2d 345, 347 (Tex.App.—Texarkana 1980, no writ). The trial court's judgment must declare only the law necessarily arising from the stipulated facts. *State Bar of Texas,* 821 S.W.2d at 205.

■ We review declaratory judgments under the same standards as other judgments and decrees. *FDIC v. Projects Am. Corp.,* 828 S.W.2d 771, 772 (Tex.App.— Texarkana 1992, writ denied). We look to the procedure used to resolve the issue at trial to determine the standard of review on appeal. Here, because the case was resolved by an agreed statement of facts, we review

---

**2.** In their briefs, the parties refer to findings of fact entered by the trial court. Findings of fact have no place in the trial of an agreed case. Once the parties stipulate to all the facts, the court may not make additional fact findings. *State Bar of Texas v. Faubion,* 821 S.W.2d 203,

205 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *see Lambda Constr.,* 784 S.W.2d at 125; *Sharyland Water Supply Corp. v. Hidalgo County. Appraisal Dist.,* 783 S.W.2d 297, 298 (Tex.App.— Corpus Christi 1989), *aff'd,* 804 S.W.2d 894 (Tex. 1991).

the propriety of the declaratory judgment under the standards applied to judgments rendered upon an agreed statement of facts. *See Unauthorized Practice of Law Committee v. Jansen*, 816 S.W.2d 813, 814 (Tex. App.—Houston [14th Dist.] 1991, writ denied) (case submitted on agreed statement and on motion for summary judgment).

### The residency requirement

In point of error one, the City argues the trial court erred in finding that Regulation 87–081 is void and unenforceable as written.

The issue is whether the Galveston police department rule is at variance with the Local Government Code. Galveston Police Department Rule RR 87–081, effective January 1, 1987,[3] states:

> Every member of the Department shall reside within the geographical boundaries of Galveston County, except for Port Bolivar, and those portions of the City of Friendswood that are located in Harris County.

Tex.Local Gov't Code Ann. § 150.021 (Vernon Supp.1995) states:

> Residency Requirements for
> Municipal Employees
>
> (a) A municipality may not require residency within the municipal limits as a condition of employment with the municipality. A municipality may require residency within the United States as a condition of employment.
>
> . . . .
>
> (c) The governing body of a municipality may prescribe *reasonable standards* with respect to the time within which municipal employees who reside outside the municipal limits must respond to a civil emergency. The standards may not be imposed retroactively on any person in the employ of the municipality at the time the standards are adopted.

(Emphasis added.)

The police department regulation does not require that employees live only within the City of Galveston and, thus, it does not, on its face, conflict with the statute. The only issue is whether the record contains information sufficient to determine whether the regulation is *reasonable* within the meaning of the statute.

The City contends that the purpose of section 150.021 is to allow cities to require employees to live within a reasonable traveling time of the city for the purpose of responding to a civil emergency. The City contends that in determining what is reasonable, city officials decided that a 30–minute response time best served the public. The City asserts it calculated the residency restriction by applying the 30–minute response time requirement to areas surrounding Galveston to determine the boundaries within which police officers must reside.

Giles contends that the City abused its discretionary powers by establishing unreasonable or arbitrary restrictions on *where* an employee may reside to comply with a 30–minute response time. Giles asserts that the City excluded other parts of Harris County and Brazoria County that are as close or closer in time and distance to Galveston. The City contends these areas were excluded because the response time from these areas is generally greater than 30 minutes, even though they are located closer to the county limits.

The only evidence in the record is the parties' stipulations. None of the stipulations support Gile's position that the geographical limitations are unreasonable and none support the City's position that the geographical limitations are reasonable. Both parties make arguments in their briefs about the reasonableness of the regulation, but neither argument finds support in the stipulations. For example, the City argues that it calculated the geographical limits for the regulation based 30–minute response time, and Giles argues that it is possible to live outside of the geographical area and still live within 30 minutes of the City. The parties did not agree on this issue, which is not covered by the stipulations.

The appellate court may review only the correctness of the application of law to

3. Giles was hired in April 1988.

the admitted facts. *Trinity Universal Ins. Co.*, 837 S.W.2d at 203; *M.J.R. Fare v. Permit & License Appeal Bd.*, 823 S.W.2d 327, 331 (Tex.App.—Dallas 1991, writ denied); *Reed v. Valley Fed. Sav. & Loan Co.*, 655 S.W.2d 259, 264 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.); *Merrimack Mut. Fire Ins. Co. v. McCaffree*, 486 S.W.2d 616, 619 (Tex.App.—Dallas 1972, writ ref'd n.r.e.). We may not find additional facts to support the trial court's judgment. *See Trinity Universal Ins. Co.*, 837 S.W.2d at 203 (court is bound by the parties' stipulation of facts).

In the review of a declaratory judgment, if reversal is warranted, we render the judgment the trial court should have rendered, unless a remand is necessary for further proceedings. *Projects American Corp.*, 828 S.W.2d at 772.

Because both parties filed actions for declaratory relief, both parties were required to carry their own burden on their own request for relief. As plaintiff, Giles did not carry his burden to show the regulation was unreasonable. This requested relief is denied. The City also did not carry its burden and, therefore, its requested relief is denied.

We reverse and render.