TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00172-CV






Gambling Paraphernalia, Devices, Equipment, and Proceeds, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW OF WISE COUNTY


NO. 2097, HONORABLE MELTON D. CUDE, JUDGE PRESIDING 






 The State seized various items from the "Triple Diamonds" establishment: twenty-eight "eight liner" machines; $10,414.25 in United States currency; $4,080 in gift certificates; and
$260 in personal checks. The State moved to forfeit the seized items. See Tex. Code Crim. Proc.
Ann. art. 18.18(b) (West Supp. 2003). Pete McDonald, the owner of the machines, responded to the
motion and controverted the forfeiture. Id. at (f). He requested a jury trial, which the court denied. 
The trial court ordered the items forfeited. In one issue on appeal, appellant contends that the trial
court erred in denying the demand for a trial by jury. We will affirm the trial court's judgment.

 The parties submitted to the court an "Agreed Stipulation of Evidence." The parties
stipulated to facts that tracked the statutory definition of "gambling devices." See Tex. Pen. Code
Ann. § 47.01(4)(A), (B) (West Supp. 2003). The stipulation fulfills each element of the forfeiture
provisions. See Tex. Code Crim. Proc. Ann. art. 18.18(b) (West Supp. 2003). In that stipulation,
the parties agreed:

 It is understood by the parties herein that the following stipulations are not intended
to be a statement on the legality or illegality of the seized items. The issue of
whether the seized items are legal or illegal is a legal conclusion to be reached by the
Court after considering the stipulated evidence and facts.



The parties then stipulated to various facts surrounding the seized items, including an agreement that
the money seized was a result of the machines' operations. The parties also stipulated to the manner
in which the machines operated. Finally, the parties entered the following stipulation: "That Pete
McDonald has requested a jury in this matter and paid the necessary fees and that the jury demand
was denied by the judge of this Court." The trial court signed an order accepting the agreed
stipulations of evidence: "The Court after considering the Agreed Stipulation of Evidence, and the
statements of counsel, is of the opinion that the Agreed Stipulation of Evidence set[s] forth facts that
are not in dispute and should be accepted by this Court."

 Although appellant preserved error with regard to the denial of a trial by jury, see Tex.
R. App. P. 33.1(a), appellant nevertheless waived entitlement to a trial by jury through the
affirmative act of entering into the stipulations. Parties' stipulations amount to judicial admissions. 
Daimler-Benz Aktiengesellschaft v. Olson, 21 S.W.3d 707, 718 (Tex. App.--Austin 2000, pet.
dism'd w.o.j.), cert. denied, 122 S.Ct. 1960 (2002). By admitting to all of the facts necessary to
decide the case, appellant has admitted that there are no disputed facts for a trier of fact to resolve. 
See Harris County Appraisal Dist. v. Transamerica Container Leasing Inc., 920 S.W.2d 678, 680
(Tex. App.--Houston [1st Dist.] 1995, writ denied) (submission to trial court upon agreed stipulation
of facts is request by litigants for judgment in accordance with applicable law); State Bar of Texas
v. Faubion, 821 S.W.2d 203, 205 (Tex. App.--Houston [14th Dist.] 1991, writ denied) (same); see
also Halsell v. Dehoyos, 810 S.W.2d 371, 372 (Tex. 1991) (denial of jury trial harmless error if no
disputed fact issues exist and instructed verdict would have been justified); Olson v. Texas
Commerce Bank, 715 S.W.2d 764, 767 (Tex. App.--Houston [1st Dist.] 1986, writ ref'd n.r.e.)
(same). With no disputed facts, there is no role for a fact finder. See Crum & Forster, Inc. v.
Monsanto Co., 887 S.W.2d 103, 134 (Tex. App.--Texarkana 1994, writ dism'd by agr.) (role of jury
is to find facts; role of court is to determine law).

 Appellant does not challenge the trial court's legal conclusion that based on the
stipulated facts, the items at issue are subject to forfeiture. See Tex. Code Crim. Proc. Ann. art.
18.18(f) (West Supp. 2003). Accordingly, we overrule appellant's only issue presented and affirm
the trial court's judgment.



 

 David Puryear, Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear

Affirmed

Filed: December 19, 2002

Do Not Publish