**James C. GIBSON and Jorja Gibson, Appellants,**

v.

**DREW MORTGAGE COMPANY, Appellee.**

**No. C14–84–837–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 25, 1985.

Rehearing Denied Aug. 22, 1985.

Stephen P. Wright, Jeffrey A. Lehmann, of Lehmann & Wright, Houston, for appellants.

Jeffrey L. Rogers, of Reynolds, Allen & Cook, Houston, for appellee.

Before PRESSLER, MURPHY and DRAUGHN, JJ.

PAUL PRESSLER, Justice.

This is an appeal from a judgment denying appellants' usury claim and awarding them $1,475 plus interest and attorney's fees for breach of contract. We affirm.

Appellee committed to make a residential home mortgage loan of $73,750 to appellants payable in thirty years at the interest rate prevailing at the time of closing. Appellants paid $1,475 which was to be returned at closing, applied to closing costs or retained for services rendered if closing did not occur. This amount was referred to as a "standby fee" in the commitment letter.

It is undisputed that the standby fee was neither returned nor applied to closing costs. Appellants claim that the failure to return the $1475 reduced the true amount of the principal loan to $72,275 and that if the interest were computed on such amount, it would be usurious.

The parties waived a jury and submitted written stipulations upon which the court made findings of fact and conclusions of law. The court held that the sum was not an interest charge and was paid in consideration of appellee's commitment to make the loan. It also found that the true principal of the loan was $73,750 and that the commitment letter gave appellants the right to require appellee to make the loan. The trial court concluded that the standby fee was not a device to conceal usury and that appellee's failure to return it to appellants at closing did not reduce the principal amount of the loan. The trial court entered judgment denying appellant's usury claim and awarding appellants $1475 plus interest and attorney's fees for breach of contract.

In their sole ground of error, appellants allege that the trial court erred in its legal conclusions and in its failure to award usury penalties and the larger attorney's fees which had been stipulated.

■ In loan transactions from which the lender deducts interest, fees, commissions, or other front end charges, the amount actually received or retained by the borrower is the true principal. Where such have been charged, the amount of the stated principal is reduced by those charges to determine whether the interest charged is usurious. *First State Bank of Bedford v. Miller*, 563 S.W.2d 572, 575 (Tex.1978), *quoting Tanner Development Co. v. Ferguson*, 561 S.W.2d 777, 787 (Tex.1977) (on Motion for Rehearing). In *Miller*, the lender required the borrower to escrow the first two years interest from the proceeds of the loan. The court stated that the calculation for determining usury is based

upon the net amount of which the borrower had use, detention or forbearance. There the prepaid interest was frozen in the borrower's account, and he had no access to it. The court held that the true principal was the amount contracted for less the escrowed interest. *Miller* is distinguished from the present situation because appellants here were not required to disburse certain sums for the benefit of the lender from the proceeds of the loan itself. Appellants were required to pay the standby fee in advance of the actual loan to secure appellee's commitment to make it.

■ A fee which commits the lender to make a loan at a future date is not to be considered interest. By it the borrower purchases an option to enter into a loan at a future date. This is a distinct and separate consideration from the actual loaning of principal, and the lender may charge extra for it without violating the usury laws. *Gonzales County Savings & Loan v. Freeman,* 534 S.W.2d 903, 906 (Tex. 1976). A fact question is raised where there is a dispute in the evidence as to whether the charge is a bona fide commitment fee or merely a device to conceal usury. *Stedman v. Georgetown Savings & Loan,* 595 S.W.2d 486, 488 (Tex.1979). For the payment to be usury, the lender must overcharge the borrower for the use, forebearance or detention of the lender's money. Where the evidence establishes that the charge is a commitment option, it is not interest. *Id.* at 489.

■ Appellee agreed to make a loan in the future pursuant to the terms of a letter agreement, which stated that the loan *commitment* was subject to six conditions. The sixth was that borrowers (appellants) deposit the stand-by fee which would be retained if the loan commitment was not used and returned or applied to closing costs if the loan was closed. The commitment did not obligate appellants to close the loan or borrow the money. They could accept or reject the loan at any time within a six-month period. Appellants paid the $1475 pursuant to the commitment letter more than six months before the loan was closed. This was a separate transaction distinct from the loan of the money.

■ The entire stated principal of the loan was funded at closing. The parties stipulated that appellee issued a check for $71,168.75 which represented $73,750 less $1843.75 owed to appellee by appellants' builder and $737.50 paid by appellee on behalf of appellants as a mortgage insurance premium. The evidence is conclusive that the full amount of the stated principal of the loan was $73,750, and this amount was funded for appellants' benefit at closing. Appellee's failure to return the standby fee at closing constituted a breach of contract but not usury. Appellee initially refused to refund the $1475. Later appellee offered to refund the payment plus interest or to apply it to the installment payments appellants were obligated to make under the terms of the Promissory Note. Appellants refused the refund offer.

■ When a case is tried upon an agreed stipulation of facts, the question on appeal is whether the trial court correctly applied the law to the agreed facts. *Cobb v. Harrington,* 144 Tex. 360, 190 S.W.2d 709, 715 (1945). The judgment of the court must declare only the law which necessarily arises from the stipulated facts. *Hutcherson v. Sovereign Camp, W.O.W.,* 112 Tex. 551, 251 S.W. 491, 492 (1923); *Merrimack Mutual Fire Insurance v. McCaffree,* 486 S.W.2d 616, 619 (Tex.Civ. App.—Dallas 1972, writ ref'd n.r.e.). Here the trial court reasonably applied the law to the stipulated facts. Appellants' point of error is overruled.

The judgment of the trial court is affirmed.