**UNAUTHORIZED PRACTICE OF LAW COMMITTEE, Appellant,**

v.

**Arthur G. JANSEN and Jansen & Company, Appellees.**

No. CB14–90–924–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 12, 1991.

Rehearing Denied Oct. 10, 1991.

Paula Pierce, Houston, for appellant.

Robert Wallis, Houston, for appellees.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

The Unauthorized Practice of Law Committee of the State Bar [hereinafter UPLC] appeals from a summary judgment finding, in part, that appellee was not engaged in the unlawful practice of law. In three points of error, UPLC argues that the trial court incorrectly held that appellee, a public insurance adjuster, could continue to present first-party claims to insurance companies on the behalf of insureds. We affirm.

Arthur Jansen, and his firm, Jansen & Company [hereinafter appellee], are public insurance adjusters who represent clients on a contingent fee basis. They document and present first-party claims for property damage to insurance companies. The record indicates that Jansen has worked for over ten years as an insurance adjuster and has fulfilled all continuing legal education requirements as mandated by law.[1] UPLC filed a declaratory judgment requesting the trial court to declare that various practices by appellee constituted the unauthorized practice of law in violation of TEX. GOV'T CODE ANN. § 81.102(a) (Vernon 1988).

After appellee filed a motion for jury trial and the case was set for trial, the parties apparently agreed that the issues involved presented only legal questions and could be resolved through cross-motions for summary judgment and agreed stipulations of fact. The trial court considered the stipulations and motions and entered "final summary judgment" agreeing with some of the contentions advanced by UPLC. The court granted declaratory relief, finding that appellee was engaged in the unauthorized practice of law, and permanently enjoined appellee from: (1) using any advertising brochures that would lead a reasonably prudent person to believe that appellee was giving advice or rendering service that required the use of legal skill or knowledge; (2) asserting a contingent fee claim against a client who has contracted with an attorney on a contingent fee basis in the same matter; (3) advising clients whether or not to accept an offered sum of money from an insurance company or executing a release in settlement of property damage claims; (4) preparing legal instruments or documents which purport to create or settle rights between third parties; and (5) advising clients of their rights, duties, or privileges under a policy of insurance concerning matters that would require legal skill or knowledge. Appellee complains of none of these findings on appeal.

The court also agreed with some of appellee's contentions and granted appellee declaratory relief which allowed appellee to continue to present first-party claims against insurance companies on behalf of the insured. Specifically, the trial court held that the following practices do not constitute the unauthorized practice of law:

A. Advising clients to seek the services of a licensed attorney if they have questions relating to their legal rights, duties and privileges under policies of insurance;

B. Measuring and documenting first party claims under property insurance policies and presenting them to insurance companies on behalf of clients;

C. Discussing the measurement and documentation presented to the insurance company with representatives of insurance companies;

D. Advising clients that valuations placed on first party property insurance claims by insurance companies is or is not accurate[.]

It is from these declarations that UPLC appeals.

■■■ This case comes to us in an unusual procedural posture. UPLC's initial action for declaratory judgment was subsequently decided on cross-motions for summary judgment and agreed stipulations of fact. A movant for summary judgment must show that there was no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). On the other hand, a case submitted to the court upon an agreed stipulation of facts under TEX.R.CIV.P. 263 is in the nature of a special verdict and "is a request by the litigants for judgment in accordance with the applicable law." *Brophy v. Brophy,* 599 S.W.2d 345, 347 (Tex. Civ.App.—Texarkana 1980, no writ). The court's judgment must declare only the law necessarily arising from the stipulated facts. *Gibson v. Drew Mortgage Co.,* 696 S.W.2d 211, 213 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). The question on appeal is limited to the issue of the

---

1. *See* TEX.INS.CODE ANN. art. 21.07–4, § 7A (Vernon Supp.1991).

correctness of the trial court's application of the law to the admitted facts. *Gibson,* 696 S.W.2d at 213; *Brophy,* 599 S.W.2d at 347. Under the facts of this case, the standards of review are reconcilable because we find that the trial court correctly applied the law to the agreed facts and that the summary judgment, in the form of declaratory and injunctive relief, was correct as a matter of law.

■ In its first and second points of error, UPLC argues that the trial court erred in finding that: (1) the measure and documentation of first-party claims under property insurance policies is not the unauthorized practice of law; (2) the presentation of the claims to the insurance companies is not the practice of law; and (3) any discussion of the claims with insurance company representatives constitutes the unauthorized practice of law. UPLC contends that the presentation of claims to insurance carriers and the discussion of losses and property damage are matters that require legal skill and knowledge. UPLC analogizes appellee's practice to settlement negotiations which has been held to be the unauthorized practice of law. *See Brown v. Unauthorized Practice of Law Committee,* 742 S.W.2d 34, 40 (Tex.App.—Dallas 1987, writ denied); *Davies v. Unauthorized Practice Committee of State Bar of Texas,* 431 S.W.2d 590, 594 (Tex.Civ. App.—Tyler 1968, writ ref'd n.r.e.). We disagree with UPLC and find, under the agreed stipulations in this case, that *Brown* and *Davies* are distinguishable.

*Brown* involved a rather egregious set of facts in which Ron Brown represented clients on a contingent fee basis in personal injury and property damage disputes. In a few instances, Brown represented himself to clients and insurance companies as an attorney when, in fact, he only had a year of paralegal training. Brown's contract with clients provided for a contingent fee of one-third to settle the claim and a contingent fee of forty percent if an attorney was hired to prosecute the claim with all power to choose an attorney granted to Brown. An insurance company adjuster testified that Brown made claims to insurance companies on both a first- and third-party basis. The adjuster testified that she would make offers to settle cases with Brown and he would make counteroffers until a negotiation was reached. Settlement checks would be made payable to "Ron Brown, Attorney at Law" as co-payee. The Dallas Court of Appeals held that, while liability may have been uncontested, Brown's negotiation with insurance companies over the amount of damages incurred by his clients constituted the unauthorized practice of law. *Brown,* 742 S.W.2d at 42. We note that Brown attempted to negotiate settlements for damages such as future medical expenses and actually instituted legal proceedings against three insurance companies because they refused to negotiate with him. *Id.* at 40. Also, we find it significant that UPLC, in preparing its case against Brown, presented the testimony of an insurance adjuster to clarify the role of adjusters in the insurance business. *Id.* at 39.

*Davies* involved an individual, Harold K. Davies, who was employed by an elderly man to assist him in administering an estate. Davies was not licensed to practice law in Texas. In the course of his employment, Davies drafted numerous building and construction contracts, prepared articles of incorporation for a corporation, prepared a plan to establish a trust fund and gave legal advice in connection with the trust, negotiated with Lubbock County officials regarding condemnation proceedings, and advised attorneys concerning the method of computing inheritance tax together with his opinion of tax law. The Tyler Court of Appeals held that, while the practice of law is generally understood to embrace the preparation of pleadings and other papers incident to special proceedings and to manage such proceedings on behalf of clients, the practice of law is not confined to cases conducted in the courts. *Davies,* 431 S.W.2d at 593. The court found that Davies had indeed engaged in the unauthorized practice of law because he gave legal advice, prepared legal documents and "placed himself in the position of an advocate in the presentation of claims." *Id.* at 594.

Under the stipulated facts before us, the trial court did not sanction any of the practices condemned by the *Brown* and *Davies* courts. The court merely authorized appellee to measure and document first party insurance claims and to present the claims to insurance companies. Similarly, the trial court authorized appellee to discuss the measurement and documentation of such claims with insurance company representatives. We note that UPLC issued an advisory opinion in 1969 that states:

[An] adjuster is not guilty of the unauthorized practice of law so long as he confines his activities to a legitimate investigation of the facts and negotiates for the claimant. . . .

Nothing in the record indicates that UPLC has ever taken any formal action to withdraw the opinion.

We cannot agree with UPLC's contention that providing an estimate of property damage and filling out the appropriate forms to present a claim constitutes the practice of law. In reality, this is the same procedure any insured is required to follow to collect on an insurance policy. The fact that appellee is paid for his services and expertise does not convert his actions into the practice of law. Our holding is not to be construed as authorizing discussions or "negotiations" with insurance companies into coverage matters. Nor do we mean to imply that "presenting" a claim to the insurance company by a public insurance adjuster is the same as negotiating a settlement. The former is, in essence, merely delivering necessary paperwork and data while the latter entails the practice of law. Interpretation of insurance contracts would also most likely cross the line into the practice of law. Appellee agrees that if the issue to be submitted to an insurance company involves a *coverage* dispute, then the services of an attorney are required. We find that the trial court arrived at a suitable accommodation that will not totally eliminate the profession of public insurance adjusting in the State. We overrule UPLC's first and second points of error.

■ In its third point of error, UPLC argues that the trial court erred in holding that appellee was not engaged in the unauthorized practice of law by advising clients whether the valuations placed on their claims by insurance companies are accurate. UPLC contends that advising a client of a valuation placed on property damage is analogous to counseling a client to accept a stated sum of money in settlement of a claim. Advising a person to accept a settlement offer has been held to be the practice of law. *Brown*, 742 S.W.2d at 42. UPLC argues that determining the amount of damages requires the legal skill and knowledge necessary to determine the likelihood of success of a trial on the merits of a claim.

We would be inclined to agree with UPLC if appellee were presenting personal injury claims, as the defendant did in *Brown*, that entailed a determination of damages such as future medical expenses or other intangibles such as pain and suffering. However, we decline to make such a broad holding here. The judgment permanently enjoined appellee from advising clients to settle or from executing settlement releases. The stipulated facts merely allow appellee to advise clients on property damage valuations. An opinion concerning the valuation, whether it be repair cost or replacement cost, of a damaged piece of property hardly equates to counseling a client to settle a claim. There is testimony in the record by appellee stating that it is up to the client whether or not to accept the valuation determined. UPLC has provided no evidence or affidavits from appellee's clients stating that he ever counseled them to settle a claim.

Providing that liability under the policy is *uncontested*, we cannot agree that any discussion between a public insurance adjuster and an in-house insurance adjuster about competing property-damage valuations constitutes the unauthorized practice of law. Indeed, taken to its extreme, UPLC's argument would equally affect all in-house adjusters. If a public insurance adjuster is forbidden from advising clients as to the valuation of property damage incurred, then an in-house adjuster would also be forbidden from making a valuation

of property damage and offering a sum of money to the insured. We hold that the trial court correctly held that appellee could continue to advise clients on property damage valuations and overrule appellant's third point of error.

Appellee has also brought four cross-points on appeal. However, appellee has indicated that the trial court's judgment effectively resolved all of the issues and requests us to address the cross-points only if we reverse the judgment in whole or in part. Our review of the stipulated facts leads us to conclude that the trial court correctly found that the activities complained of by UPLC did not constitute the unauthorized practice of law as a matter of law. Consequently, we overrule appellee's four cross-points and affirm the judgment of the trial court.