**TARRANT APPRAISAL REVIEW BOARD and Tarrant Appraisal District, Appellants,**

v.

**MARTINEZ BROTHERS INVESTMENTS, INC. and Dallas City Homes, Inc., Appellees.**

No. 2–96–009–CV.

Court of Appeals of Texas, Fort Worth.

June 12, 1997.

**OPINION**

BRIGHAM, Justice.

In this tax case, the primary issue is a question of statutory construction of several provisions of the Texas Tax Code and the Texas Administrative Code. Appellants, Tarrant Appraisal Review Board (the Board) and Tarrant Appraisal District (the District), appeal from an adverse ruling by the trial court. Appellants and Appellees, Martinez Brothers Investments, Inc. and Dallas City Homes, Inc., submitted an agreed statement of facts to the trial court. After hearing argument, the court granted Appellees' motion for judgment and denied Appellants' motion.

The primary issue before the trial court and on appeal is whether Appellants have the authority to require Appellees to designate an agent, or property tax consultant, in writing, before that agent may file a notice of protest on behalf of the property owner for the purpose of scheduling a protest hearing. Appellants maintain that such a requirement is specifically authorized by statute. Appellees argue that no such legal authority exists and that Appellants exceeded their authority by enacting such a requirement. We determine that Appellants did exceed their authority and affirm the trial court's judgment.

### Background

On July 10, 1992, the Board adopted certain written operating procedures. Those procedures were effective October 1, 1992. Among those procedures are the following:

Tarrant Appraisal Review Board will schedule a hearing on a notice of protest or motion to correct the appraisal roll filed by a person who purports to represent the property owner only if the following conditions are satisfied *before* the notice of protest or motion is filed:

(1) the property owner has designated the person as its agent as required by Section 1.111 of the Texas Property Tax Code and the corresponding Rules of the Comptroller;

(2) a valid Appointment of Agent for Property Tax form has been filed with Tarrant Appraisal District;

Catherine Jane Alder, Fort Worth, for Appellants.

Brusniak, Clement & Harrison, P.C., John Brusniak, Jr., Dallas, for Appellees.

Before CAYCE, C.J., and DAY and BRIGHAM, JJ.

(3) the Appointment of Agent for Property Tax form specifically authorizes the person to file the notice of protest or motion.

Tarrant Appraisal Review Board Resolution (adopted July 10, 1992) (effective October 1, 1992) (emphasis added).

Before the Board enacted these procedures, it is undisputed that property tax consultants were able to file protests on behalf of property owners and then file the required fiduciary forms at a later date. Appellants maintain, however, that they have the statutory authority to adopt the above internal operating procedures and that failure to comply with those procedures deprived Appellees of the right to protest their properties' appraised values for the 1993 tax year.

After the District mailed its notices of appraised value for the 1993 tax year, tax consultants for Appellees filed notices of protest on behalf of their respective clients. The notices were sent before the filing deadline. After the notices of protest were sent and after the deadline to file such notices, the tax consultants filed their respective fiduciary forms with the District. Because the forms were not filed before or with the notices of protest, the Board refused to file the notices or schedule a hearing on them. Appellees then requested a hearing to determine if "good cause" existed to authorize the late-filing of their notices of protest. *See* TEX. TAX CODE ANN. § 41.44(b) (Vernon 1992). The Board determined that "good cause" did not exist and refused to allow Appellees to protest their respective properties' appraised values for the 1993 tax year.

Appellees then filed suit against Appellants. The parties filed an agreed statement of facts. Both sides filed motions for judgment based on the statement of facts. Appellees contended that their notices of protest were properly and timely filed and the Board was therefore required to schedule and conduct hearings on the notices. Appellants argued that the tax consultants were not authorized to represent their respective property owners because neither the tax consultants nor the property owners had filed a form appointing the tax consultants as the property owners' agents either before or at the time that they filed the notices. Appellants maintained that such appointments were required by section 1.111 of the Texas Property Tax Code.[1] TEX. TAX CODE ANN. § 1.111 (Vernon 1992 & Supp.1997). The trial court entered an order granting Appellees' motion for judgment, denying Appellants' motion for judgment and ordering the Board to schedule and conduct hearings on the properties owned by Appellees for the 1993 tax year.

## Discussion

Appellants' eight points of error all assert that the trial court erred as a matter of law in granting Appellees' motion for judgment and in denying their motion for judgment. Appellants' first point of error simply complains of the action taken by the trial court. In their second point of error, Appellants contend that the trial court erred as a matter of law because Appellees did not file their notices of protest as required by sections 41.44 and 41.45. Appellants' third point of error asserts that their own actions in refusing to schedule and conduct hearings on Appellees' properties fully complied with sections 41.44 and 41.45. In points of error four through eight, Appellants assert that they complied with section 1.111 and with section 9.3044 of the administrative code, that together these sections authorized them to deny Appellees hearings on their respective properties, and that these sections are reasonable and do not deprive Appellees of any constitutional rights. Because Appellants' points of error all complain of the same action taken by the trial court and because the code provisions on which they rely are interrelated, all of Appellants' points of error will be discussed together.

Appellees bring two cross-points. One is an alternative cross-point that we will not reach because of our disposition of Appellants' points of error. Appellees' second

---

1. Texas Property Tax Code *is the popular name of chapters one through forty-three (Title One) of the tax code. See* TEX. TAX CODE ANN. § 1.01 (Vernon 1992). *All citations to code provisions in this opinion refer to the tax code unless otherwise specified.*

cross-point contests the trial court's refusal to grant them attorneys' fees.

## Standard of Review

■ Because this case was submitted to the trial court on an agreed statement of facts and the trial court certified the agreed statement of facts as correct, the stipulated facts are binding on the parties and on this court. *See* TEX.R. CIV. P. 263. A case submitted on an agreed stipulation of facts is in the nature of a special verdict and "is a request by the litigants for judgment in accordance with the applicable law." *Unauthorized Practice of Law Comm. v. Jansen*, 816 S.W.2d 813, 814 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *Brophy v. Brophy*, 599 S.W.2d 345, 347 (Tex.Civ.App.—Texarkana 1980, no writ). The court's judgment must declare only the law necessarily arising from the stipulated facts. *See Jansen*, 816 S.W.2d at 814; *Gibson v. Drew Mortgage Co.*, 696 S.W.2d 211, 213 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.).

■ Stipulations in an agreed case are binding upon the parties, the trial court, and the reviewing court. *See M.J.R.'s Fare of Dallas, Inc. v. Permit & License Appeal Bd. of Dallas*, 823 S.W.2d 327, 330 (Tex.App.—Dallas 1991, writ denied). Therefore, our review on appeal is limited to the issue of the correctness of the trial court's application of the law to the admitted facts. *See Crow–Southland Joint Venture No.1 v. North Fort Worth Bank*, 838 S.W.2d 720, 723 (Tex. App.—Dallas 1992, writ denied); *Gibson*, 696 S.W.2d at 213; *Brophy*, 599 S.W.2d at 347.

## Discussion

Appellants complain that the trial court erred in numerous respects by granting Appellees' motion for judgment and in ordering the Board to schedule and conduct protest hearings on the properties owned by Appellees. Initially, they contend in their second and third points of error that neither of the Appellees submitted for filing the notices of protest required by the applicable provisions of sections 41.44[2] and 41.45.[3] Appellants maintain, however, that the Board's actions concerning properties owned by Appellees fully complied with sections 41.44 and 41.45.

Appellants argue that the Board's duty to schedule a hearing on a protest is only triggered by the filing of a notice "as required by section 41.44." They contend that the only interpretation, as a matter of law, of that provision is that the *property owner* initiating the protest must file a written notice of protest within the permitted time to be entitled to a hearing under section 41.45. They argue, therefore, that the timely written notices of protest that Appellees' consultants filed on their behalf were invalid because the respective property owners had failed to comply with that section and with the Board's internal procedural requirements by not designating the consultants as their agents either before or at the time of filing the notices of protest. In support of their argument, Appellants direct us to section 1.111 of the Tax Code and section 9.3044 of title 34 of the Texas Administrative Code. 34 TEX. ADMIN. CODE § 9.3044 (West 1997) (Comptroller of Pub. Accounts, Property Tax Admin.).

## Property Tax Code Section 1.111 and 34 Tex. Admin. Code Section 9.3044

■ Section 1.111 specifies that a property owner "may designate a lessee or other person to act as the agent of the owner for any purpose. . . ." TEX. TAX CODE ANN. § 1.111 (Vernon 1992). Additionally, that section requires: that any such designation be in writing; that the designation clearly

---

2. Section 41.44(a) provides:

   Except as provided by Subsections (b) and (c), to be entitled to a hearing and determination of a protest, the property owner initiating the protest must file a written notice of the protest with the appraisal review board having authority to hear the matter protested:

   . . . .

   TEX. TAX CODE ANN. § 41.44(a) (Vernon 1992).

3. Section 41.45(a) provides:

   On the filing of a notice as required by Section 41.44, the appraisal review board shall schedule a hearing on the protest. If more than one protest is filed relating to the same property, the appraisal review board shall schedule a single hearing on all timely filed protests relating to the property.

   TEX. TAX CODE ANN. § 41.45(a) (Vernon 1992).

indicate whether the agent is authorized to act on behalf of the owner in all property tax matters or in particular tax matters as specified in the designation; and that the designation is effective until revoked in writing. *Id.* Nowhere in section 1.111, however, do we find a requirement that such a written designation must be on file before or at the time that a protest is initially filed with the Board. *Cf. Gregg County Appraisal Dist. v. Laidlaw Waste Systems, Inc.,* 907 S.W.2d 12, 18 (Tex. App.—Tyler 1995, writ denied) (agent must make bona fide attempt to comply with applicable statute to represent owner in tax matter). We reject Appellants' contention that the statute requires such a designation.[4] If the legislature had so intended, it would have been a simple matter to say so expressly. We overrule Appellants' points of error two and three.

Appellants contend, however, that section 9.3044 of title 34 of the administrative code is "completely consistent with section 1.111" and that, reading the two sections together, "their clear logic, overall scheme, and express wording compel the conclusion" that the authority of an agent to act on a property owner's behalf only becomes effective when a designation of agent form is filed with the appraisal district. *See* 34 TEX. ADMIN. CODE § 9.3044 (West 1997). Again, we do not find Appellants' argument persuasive. Appellants rely on the language in subsection (c) of section 9.3044 that states that the appointment of an agent is not binding on an appraisal district until the designation form is filed with the district. *See* 34 TEX. ADMIN. CODE § 9.3044(c) (West 1997). They maintain that this language, when read together with section 1.111, authorizes them to preclude Appellees from protesting the appraised value of their property because Appellants did not receive the designation of

agent forms from Appellees until after the June 1 deadline. In so arguing, Appellants ignore subsection (e) of section 9.3044, which provides:

> While the appraisal office may act on the basis of information provided from a variety of sources, including persons who verbally represent that they act on behalf of property owners, an appraisal district or appraisal review board should require that the form required by this section be filed with the appraisal district before taking any action that increases the property owner's tax liability on the basis of information provided by a person who claims to represent the property owner.

34 TEX. ADMIN. CODE § 9.3044(e) (West 1997).

The plain language of this provision contemplates a situation, such as occurred here, where a property tax consultant or agent files a protest on behalf of their client and then produces the required fiduciary form at a later date. Accordingly, while we agree with Appellants that section 9.3044 is a reasonable and proper exercise of legislative authority delegated to the comptroller and that section 1.111 does not deprive Appellees of a constitutionally protected property right, we reject Appellants' argument that these sections authorize them to prevent Appellees from contesting the appraised value of their taxes. *See Burnet County Appraisal Dist. v. J.M. Huber Corp.,* 808 S.W.2d 613, 616 (Tex. App.—Austin 1991, writ denied) (agency rules may not impose additional burdens or restrictions on taxpayer in excess of statutory provisions). We overrule Appellants' points of error four through eight. Having overruled all of Appellants' specific com-

---

**4.** The following statement in the agreed statement of facts is enlightening:

> Since 1982 [the year of the enactment of the tax code] it has been common practice for many or most appraisal review boards in Texas to allow property tax consultants to file notices of protest prior to the May 31 deadline and then produce the corresponding appointment of agent forms at the time of the protest hearing.
> The parties agree that the procedure that Appellees followed in this case is acceptable among

other appraisal boards in Texas. Therefore, we do not find persuasive Appellants' argument that they are either statutorily authorized or required to place additional procedural burdens on the taxpayer's right to protest the appraised value of property. *Cf. Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 430, 102 S.Ct. 1148, 1155, 71 L.Ed.2d 265, 274 (1982) (individual property right grounded in state law cannot be removed except "for cause").

plaints regarding the trial courts' action, we overrule point of error one.

### Appellees' Claim for Attorney's Fees

Appellees contend, in cross-point of error two, that the trial court erred in failing to award them reasonable attorney's fees. They base this argument on section 41.45(f), which provides as follows:

> A property owner who has been denied a hearing to which the property owner is entitled under this chapter may bring suit against the appraisal review board by filing a petition or application in district court to compel the board to provide the hearing. If the property owner is entitled to the hearing, the court shall order the hearing to be held and *may* award court costs and reasonable attorney fees to the property owner.

TEX. TAX CODE ANN. § 41.45(f) (Vernon 1992) (emphasis added).

Appellees argue that because there is "no question that" they were wrongfully denied hearings, the trial court abused its discretion in denying them attorney's fees. Appellees overlook that the language providing for attorney's fees in this provision is not mandatory, but permissive. Other than pointing out that they are entitled to a hearing, they present no argument on how the trial court abused its discretion. Accordingly, we cannot say that the trial court abused its discretion in failing to award such fees. We overrule Appellees' cross-point of error two. Because of our disposition of this appeal, we do not reach Appellees' cross-point of error one.

### Conclusion

We conclude that Appellants exceeded their authority by requiring Appellees to designate a tax consultant in writing before or at the time the consultant files a notice of protest on behalf of the property owner. We further hold that the trial court did not abuse its discretion in failing to award Appellees attorney's fees. We affirm the trial court's judgment.