NUMBER
13-01-096-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

GENE MARTIN AND DWIGHT HARRIS,                                  Appellants,

 

                                                   v.

 

VICTORIA INDEPENDENT SCHOOL DISTRICT,                          Appellee.

___________________________________________________________________

 

                        On
appeal from the 135th District Court

                                  of Victoria County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

                    Before
Justices Dorsey, Yañez, and Rodriguez

                                Opinion
by Justice Rodriguez

 








Appellants, Gene Martin and Dwight Harris, teachers at Victoria
High School, appeal from a summary judgment in an action under the Texas Open
Meetings Act (the Act).  See Tex. Gov=t
Code Ann. '' 551.001-.144 (Vernon 1994 & Supp. 2002).  They filed suit against appellee, the
Victoria Independent School District (the District), alleging the District
violated the Act by failing to give sufficient notice of its meeting and by
excluding them from a closed session after they requested that any discussion
regarding their transfers be done in open session.  On cross-motions for summary judgment, the
trial court denied appellants= summary
judgment motion, granted the District=s cross-motion,
and dismissed appellants= claims with
prejudice.  By one issue, appellants
contend the trial court erred in granting the District=s summary
judgment and dismissing their case.  We
affirm.

I.  Background

On January 8, 1996, the District=s former superintendent, Robert Brezina,
reassigned appellants from their teaching positions at Victoria High School to
other positions within the school district.[1]  Ten days following the transfers, a regular
meeting of the District=s Board of
Trustees (Board) was scheduled.  The
posted agenda for the January 18, 1996, Board meeting included notice of a
closed session,

called under
the authority of the Texas Open Meetings Act, Texas Government Code Chapter
551, Section 551.071, to meet in executive session with the Board=s attorneys to
discuss pending or contemplated litigation and other attorney/client matters; .
. . to discuss and/or consider any and all personnel issues contemplated or
allowed by Section 551.074, including but not limited to the employment of
personnel; [and] to confer with one or more employees of the District to
receive a report and/or other information regarding and all issues contemplated
or allowed by Section 551.075 individually or in conjunction with any other
section stated herein. . . .








 

Before
the closed meeting, appellants requested that the Board not discuss or
deliberate their reassignments during the closed session.  While the District asserts the Board did not
discuss or deliberate the reassignments during the closed session, it did
receive a report from Brezina and questioned him about the transfers.  No action regarding the reassignments was
taken by the Board in closed session or otherwise.








In 1999, appellants filed the present lawsuit in the 135th
District Court of Victoria County, Texas, seeking mandamus and injunctive
relief, plus attorneys= fees and costs.[2]  See id. ' 551.0142 (Vernon 1994). 
In August 2000, appellants filed a motion for summary judgment
requesting judgment declaring the District had violated the Act.  They also sought summary judgment on the
District=s defenses of
limitations and laches.  In response, the
District filed a cross-motion for summary judgment asserting no evidence, or
that it had disproved at least one element of each of appellants= claims.  The District also asserted appellants= claims under
the Act were moot.[3]  Following a hearing on both motions, the
trial court granted the District=s summary
judgment on all claims, and denied the motion filed by appellants.  The trial court further dismissed with
prejudice all claims against the District. 
On appeal, appellants challenge the trial court=s decision
regarding the alleged violations of the Act. 
They argue that (1) the District violated the Act, (2) their claim is
not moot, and (3) the court should have granted their summary judgment on the
District=s affirmative
defenses of limitations and laches.

II. 
Standard of Review








We review declaratory judgments under the same standards as
other judgments and decrees, FDIC v. Projects Am. Corp., 828 S.W.2d 771,
772 (Tex. App.B Texarkana
1992, writ denied), looking to the procedure used to resolve the issue at trial
to determine the standard of review on appeal.  Roberts v. Squyres, 4 S.W.3d 485, 488
(Tex. App.BBeaumont 1999,
pet. filed); City of Galveston v. Giles, 902 S.W.2d 167, 170-71 (Tex.
App.BHouston [1st
Dist.] 1995, no writ).  Here, because the
case was resolved by competing motions for summary judgment, we review the
propriety of the declaratory judgment under the standards applied to summary
judgments.  Unauthorized Practice of
Law Comm. v. Jansen, 816 S.W.2d 813, 814 (Tex. App.BHouston [14th
Dist.] 1991, writ denied) (case submitted on agreed statement and on motion for
summary judgment). Summary judgment should
be granted if a party shows that there are no genuine issues of material fact
and that it is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a.  Granting a defendant=s motion for summary
judgment is proper only when the evidence establishes there is no genuine issue
of material fact concerning at least one essential element of a plaintiff=s cause of action, Gibbs
v. Gen. Motors Corp., 450 S.W.2d 827, 828 (Tex. 1970), or conclusively
establishes each element of an affirmative defense.  City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).

When both sides move for summary judgment and the trial court
grants one motion and denies the other, the reviewing court should review both
sides= summary
judgment evidence and determine all questions presented.  FM Props. Operating
Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000).  Before we may reverse summary judgment for
one party and render judgment for the other party, however, both parties must
have sought final judgment relief in their cross motions for summary judgment. CU Lloyd=s of Tex.
v. Feldman, 977 S.W.2d 568, 569 (Tex. 1998).

III. 
Analysis

A.  Notice

By their sole point, appellants first argue the District
violated the Act by failing to give the public sufficiently specific notice of
the subject matter of their closed meeting. 
The District, however, asserts that an exception to the notice
requirement applies.  It contends that,
at the time of the events that form the basis of this lawsuit, receipt of an
employee=s report and
questions asked and answered during the session did not constitute a meeting
under the Act and, therefore, did not require any notice, general or specific.








The Act provides that all Aregular,
special or called meetings of a governmental body shall be open to the public,@ absent an
exception under the Act.  Tex. Gov=t
Code Ann. ' 551.002 (Vernon 1994).  A governmental body must give written notice
of the date, hour, place, and subject of each meeting to be held by the
governmental body.  Id. ' 551.041
(Vernon 1994); see Cox Enters. v. Austin Indep.
Sch. Dist., 706 S.W.2d 956, 959 (Tex. 1986) (Act requires full and fair
disclosure of subject matter of governmental meetings open to public).  However, in 1996, section 551.075 provided an
exception under the Act.  Act of May 4,
1993, 73d Leg., R.S., ch. 268, ' 1, sec.
551.075, 1993 Tex. Gen. Laws 583, 590 (amended 1999) (current version at Tex. Gov=t
Code Ann. ' 551.075 (Vernon Supp. 2002)).  Section 551.075, at that time, provided:

(a) This
chapter does not require a governmental body to confer with one or more
employees of the governmental body in an open meeting if the only purpose of
the conference is to:

 

(1) receive information from the employees; or

 

(2) question the employees.

 

(b) During a
conference under Subsection (a), members of the governmental body may not
deliberate public business or agency policy that affects public business.

 

Id.  According to opinions of the Texas Attorney
General=s office, A>staff briefing
sessions,= under [this]
prior law, were not >meetings= within the
Act, and were therefore not required to be open to the public or to be preceded
by notice.@  Tex. Att=y
Gen. Op. No. JC-0169 (2000) at *11-12; see Tex. Att=y Gen. Op. Nos.
DM-191 (1992) at *5-8; JM-1058 (1989) at *8-12.[4]








The undisputed summary judgment evidence establishes that the
Board met in closed session to receive information from the District=s
superintendent regarding the transfers of appellants, and to consult with the
District=s legal counsel
regarding the matter.[5]  Superintendent Brezina testified there was no
discussion of any kind between the District=s trustees relating to Harris or
Martin.  He testified he gave a report to
the Board and Board members asked questions regarding the reassignments;
however, members were not allowed to discuss the information between themselves.  Paul
Kornfuehrer, president of the Board at that time, also testified that the Board
was strongly advised against and did not deliberate or discuss the
reassignments among themselves.








Brezina further testified that reassignment of personnel is an
administrative function to be exercised by the superintendent, and the Board
had no authority to dictate the assignment of employees within the
District.  Kornfuehrer testified the
Board did not have authority on January 18, 1996, to take any action regarding
appellants.  Moreover, the evidence shows
there was no action item on the agenda for the January 18, 1996, meeting that
would have allowed the Board to take any action regarding Martin or Harris.

The events that form the basis of this lawsuit occurred in
1996.  While the statute has since been
amended to provide that a governmental body is subject to the Act even if the
members merely receive information and do not engage in deliberations among themselves or with a third party including an employee of
the governmental body, see Tex.
Gov=t Code Ann. '
551.001(4)(B)(iv) (Vernon Supp. 2002), between 1987 and 1999, when a quorum of
a governmental body met to listen, without discussion, to a briefing by an
employee, that gathering did not fall within the definition of
"meeting" and was not subject to the Act.  See Tex. Att=y
Gen. Op. No. JC-0169 (2000) at *12-14. 
Thus, based on the facts of this case, we conclude no posting of the
briefing session, specific or otherwise, was required in order to receive the
report and to ask questions of the superintendent.  The general notice surpassed the requirements
for this exception and the meeting held for that purpose; thus, the notice was
adequate.  The trial court did not err in
granting the District=s summary
judgment as the notice was proper.

B.  Request for Open
Session








Appellants also argue the Board=s closed meeting violated the Act because
they requested any discussion regarding their transfers be in open
session.  Section 551.074 of the Act
provides that a governmental body is not required to conduct an open meeting to
deliberate the appointment, employment, evaluation, reassignment, duties,
discipline, or dismissal of a public officer or employee, or to hear a
complaint or charge against an employee, unless the employee who is the subject
of the deliberation or hearing requests a public hearing.  Tex. Gov=t Code Ann. ' 551.074 (Vernon 1994).  Appellants assert that the District=s right to
conduct a closed meeting does not, under any circumstances, apply if the
employee who is the subject of the deliberations or hearing requests a public
hearing.

We have concluded, however, the exception found in former
section 551.075 applies in this case; thus, the meeting does not fall within
the Act.  Moreover, former section
551.075 contained no provision giving an employee the right to request that the
Board meet in open session when a staff briefing session was called. See
Act of May 4, 1993, 73d Leg., R.S., ch. 268, ' 1, sec. 551.075, 1993 Tex. Gen. Laws 583,
590 (amended 1999).  We cannot conclude
that a request made pursuant to section 551.074 applies to a briefing session
that is not covered by the Act.  See Tex. Att=y Gen.
Op. Nos. JC-0169 (2000) at *11-12; DM-191 (1992) at *5-8; JM-1058 (1989)
at *8-12.  The trial court did not err in
granting the District=s summary
judgment, as the Board was entitled to refuse appellants= request to
meet in open session.

C.  District=s Defenses

Because we have concluded the District did not violate the Act,
we need not address appellants= contention
that their claim is not moot. See Tex.
R. App. P. 47.1.  Furthermore,
because it is clear from the record that the trial court=s ruling was
not based on the District=s affirmative
defenses of limitations and laches, we need not address appellants= argument
regarding those defenses.  See id.








IV. 
Conclusion

Having concluded the District=s notice and briefing session did not
violate the Act, the trial court did not err in denying appellants= summary
judgment motion, granting the District=s cross- motion
for summary judgment, and dismissing appellants= claims with prejudice.

The judgment of the trial court is affirmed.                                                                       

NELDA
V. RODRIGUEZ

Justice

 

Do not
publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 8th day of August,
2002.

 











[1]Harris
had an extensive history of involvement in the teacher=s
union, having previously served as president of the Victoria Federation of
Teachers and, at the time of the events in question, as vice-president and
grievance officer.  Together, appellants
served on a committee charged with improving labor-management relations at
Victoria High School, where they both taught. 
Members of this committee were to study and suggest improvements
regarding labor relations problems at Victoria High School.  





[2]In
1996, appellants first filed their lawsuit in Victoria County Court at Law
Number One, alleging violations of the Texas Open Meetings Act and the Texas
Public Information Act.  See Tex. Gov=t Code Ann.''
551.001-.144 (Vernon 1994 & Supp. 2002) (Texas Open
Meetings Act); Tex. Gov=t
Code Ann. '' 552.001-.353 (Vernon 1994 & Supp. 2002) (Texas Public Information
Act, formerly Texas Open Records Act).  After a full bench trial on the merits, the
court ruled in favor of the District on all claims and held it had not violated
either act.  On appeal, this Court found
that the suit had been filed in a court without jurisdiction to hear such
actions, thus, the judgment was void.  We
vacated the judgment below and dismissed the appeal for want of
jurisdiction.  See Martin & Harris
v. Victoria Indep. Sch. Dist., 972 S.W.2d 815, 819 (Tex. App.BCorpus Christi
1998, pet. denied).  In the current
lawsuit, prior to the entry of the summary judgment, appellants amended their
petition to assert only violations of the Open Meetings Act.





[3]The
District=s motion did
not respond to appellants= no-evidence
challenge regarding its defenses of limitations and laches.





[4]In
1999, AHouse Bill 156
deleted this general authorization for briefing sessions from section 551.075
and replaced it with a provision applicable only to the board of trustees of
the Texas Growth Fund.@  Tex. Att'y Gen. Op. No.
JC-0169 (2000) at *13 (citing Act of May 22, 1999, 76th Leg.,
R.S., ch. 647 ' 2, sec.
551.075, 1999 Tex. Gen. Laws 3218-19 (codified at Tex. Gov=t Code
Ann. ' 551.075 (Vernon Supp. 2000)).  Furthermore, under section 551.001(4)(B)(iv)
of the government code, a governmental body is now subject to the Open Meetings
Act even if the members merely receive information and do not engage in
deliberations among themselves or with a third party, including an employee of
the governmental body.  See Tex.
Att'y Gen. Op. No. JC-0169 (2000) at * 5-6 (citing Tex. Gov=t
Code Ann. '
551.001(4) (Vernon 2000)).





[5]Although
appellants reference the generic label of Alitigation@
in their contention that such labels Aare
insufficient to adequately describe the subject of a closed session when the
subject is of special interest to the public,@
they do not develop this argument by providing citations to authorities and to
the record, in support of the reference to Alitigation.@  See Tex.
R. App. P. 38.1(h).  Therefore, we need not address the notice
issue as it relates to section 551.071, the litigation exception.  See Tex.
Gov=t
Code Ann.' 551.071 (Vernon 1994).