Affirmed and Memorandum Opinion filed January 15, 2009








Affirmed and Memorandum Opinion filed January 15, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00587-CV

_______________

 

BETZ LOUETTA 25 LTD., AS THE PROPERTY OWNERS

AND THE PROPERTY OWNERS, Appellant

 

V.

 

THE APPRAISAL REVIEW BOARD OF HARRIS COUNTY APPRAISAL
DISTRICT, Appellee

                                                                                                                                          
     

On Appeal from the 165th District Court

Harris County, Texas

Trial Court Cause No. 2006-28057

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

In this
ad valorem tax suit, appellant, Betz Louetta 25 Ltd., As The Property Owners
and The Property Owners (ABetz@), presents a single issue challenging a summary judgment in
favor of appellee, The Appraisal Review Board of Harris County Appraisal
District (Athe Board@). Because all dispositive issues are clearly settled in law,
we issue this memorandum opinion and affirm.  See Tex. R. App. P. 47.4.

 








Background

The
Harris County Appraisal District appraised the value of certain commercial
property owned by Betz at $136,626 for tax year 2005.  Through an agent, Betz
timely filed a protest.  The Board conducted a hearing on the protest.  Both
Betz and the appraisal district appeared and presented evidence.  The Board
issued an order denying the protest and determining Athe appraisal records should not be
changed@ and the Avalue of the property remains . . .
$136,626.@

Betz
sued the Board, alleging it failed to conduct the hearing on Betz=s protest required by the Texas Tax
Code.  Betz requested a writ of mandamus ordering the Board to conduct a
hearing in compliance with the Tax Code.  The Board moved for traditional
summary judgment on the ground that it did conduct a hearing as required by the
Tax Code.  The trial court signed an order, granting the Board=s motion and ruling it was Afully released, discharged, and
acquitted of@ all claims asserted by Betz in this suit.

Standard of Review 

A party
moving for traditional summary judgment must establish that no genuine issue of
material fact exists and it is entitled to judgment as a matter of law.  See
Tex. R. Civ. P. 166a(c);  Provident Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211, 215B16 (Tex. 2003).  A defendant is entitled to summary judgment
if it conclusively negates at least one element of each of the plaintiff=s causes of action or pleads and
conclusively establishes each element of an affirmative defense.  Sci.
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  We review a
summary judgment de novo.  Knott, 128 S.W.3d at 215.  We accept all
evidence favorable to the nonmovant as true.  Id.  We indulge every
reasonable inference and resolve any doubts in favor of the nonmovant.  Id.

 

 








Analysis 

In its
sole issue, Betz contends the trial court erred by granting summary judgment
because there was a genuine issue of material fact regarding whether Betz was
denied the protest hearing to which it was entitled under the Texas Tax Code.  

Section
41.45 of the Tax Code outlines the requirements for a hearing on a tax
protest.  Tex. Tax Code Ann. ' 41.45 (Vernon 2008).  Section 41.45(a) provides that the
appraisal review board Ashall schedule a hearing on the protest@ when the property owner files a
notice of protest within various time constraints prescribed by the Tax Code.  Id.
' 41.45(a).  Section 41.45(b) states
that the property owner is entitled to an opportunity to appear to offer
evidence or argument.  Id. ' 41.45(b).  Section 41.45(f)
provides:

A property owner who has been denied
a hearing to which the property owner is entitled under this chapter may bring
suit against the appraisal review board by filing a petition or application in
district court to compel the board to provide the hearing.  If the property
owner is entitled to the hearing, the court shall order the hearing to be held
and may award court costs and reasonable attorney fees to the property owner.

Id. ' 41.45(f).

 Pursuant
to section 41.45(f), Betz brought this suit to compel the Board to conduct a
hearing on Betz=s protest.  In its motion for summary judgment, the Board
asserted it held a hearing at which Betz had the opportunity to offer evidence
or argument as required by sections 41.45(a) and (b). See id. ' 41.45(a), (b).  Betz acknowledges
the Board held a hearing.  However, Betz argues it was effectively denied a
hearing because the Board did not comply with several Tax Code provisions
governing procedures for a protest hearing.[1] 









According
to Betz, at the hearing, it limited its protest to arguing the property was unequally
appraised.  Betz asserts the Board failed to enter an order determining the
unequal-appraisal protest because its order did not adequately address this
aspect of the protest.  See Tex. Tax Code Ann. ' 41.47(a) (Vernon 2008) (providing, AThe appraisal review board hearing a
protest shall determine the protest and make its decision by written order.@).  

Betz
also argues the Board ignored two applicable Tax Code provisions which are
interrelated for purposes of its contention.  Section 41.43(b) provides that A[a] protest on the ground of unequal
appraisal of property shall be determined in favor of the protesting party
unless the appraisal district establishes@ that the property was not unequally
appraised through one of three alternative methods.  Tex. Tax Code Ann. ' 41.43(b) (Vernon 2008).  Section 
41.67(d) states, AInformation that was previously requested under Section
41.461 by the protesting party that was not made available to the protesting
party at least 14 days before the scheduled or postponed hearing may not be
used as evidence in the hearing.@  Tex. Tax Code Ann. ' 41.67(d) (Vernon 2008).  Betz
contends the only evidence offered by the appraisal district was a ratio study
that had not been timely made available to Betz.  Betz maintains the Board
would have been required to determine the protest in favor of Betz if the
Board  had properly disregarded this study.  Therefore, Betz contends the Board
improperly placed the burden of proof on Betz.  

Betz
asserts the Board=s motion for summary judgment was incorrectly based on the
premise a property owner has no cause of action under section 41.45(f)  as long
as some sort of hearing was held.  According to Betz, the language of section
41.45(f) allowing a property owner Awho has been denied a hearing to
which [it] is entitled@ to Abring suit@ authorizes a cause of action if the hearing was not
conducted in compliance with the Tax Code.








Since
the parties filed their briefs, we have issued two opinions rejecting arguments
similar to the contentions raised by Betz.  For example, in Appraisal Review
Board of Harris County Appraisal District v. Spencer Square LTD, the Board
conducted a hearing on the property owner=s protest.  252 S.W.3d 842, 843 (Tex.
App.CHouston [14th Dist.] 2008, no pet.). 
Subsequently, the owner filed suit, alleging the Board failed to comply during
the first hearing with procedural guidelines outlined in the Tax Code.  Id. 
The owner sought a writ of mandamus pursuant to section 41.45(f) compelling the
Board to conduct a second hearing.  Id. at 843B44.  The Board filed a plea to the
jurisdiction, asserting the trial court lacked jurisdiction under section
41.45(f) to entertain the owner=s suit because the Board did conduct a hearing.  See id. 
The owner contended the trial court had jurisdiction under section 41.45(f)
because it merely sought the hearing to which it was entitled.   Id. at
844B45.








We held
that the trial court erred by denying the Board=s plea to the jurisdiction.  See
id. at 844B46.  We stated that section 41.45(f) grants district courts
jurisdiction to compel an appraisal review board to conduct a hearing if it
denied a hearing after the property owner filed a notice of protest complying
with the Tax Code.  See id. at 845.  We also recognized that a
petition for judicial review pursuant to Chapter 42 is the process prescribed
in the Tax Code for an owner to appeal an appraisal board=s order and complain of procedural
errors committed by the board.  See id.  (citing Tex. Tax Code
Ann. '' 42.01, 42.21, 42.23, 42.28 (Vernon
2008)).  The owner did not timely file a petition for judicial review.  See
id. at 843, 845.  We concluded that section 41.45(f) did not provide an
additional avenue for attacking the Board=s order and could not be used to
circumvent the appeal process prescribed by Chapter 42.  See id.
at 845.  Accordingly, we held that the trial court lacked jurisdiction under
section 41.45(f) to order a second board hearing.  Id.; see also
Appraisal Review Bd. of Harris County Appraisal Dist. v. O=Connor & Associates, 267 S.W.3d 413, 417B18 (Tex. App.CHouston [14th Dist.] 2008, no pet.)
(holding as follows: section 41.45(f) did not give district court jurisdiction
over taxpayers= claim that appraisal board failed to conduct hearing in accordance with
procedures outlined in Tax Code; taxpayer may not circumvent appeal provisions
in Chapter 42 by alleging Board failed to adhere to procedural guidelines; and
interpreting section 41.45(f) as creating another avenue of appeal would render
provisions in Chapter 42 meaningless).

We
recognize the above-cited cases pertained to jurisdictional pleas rather than
motions for summary judgment.  In its appellate brief in the present case, the
Board contends the trial court lacked jurisdiction over Betz=s complaints, but the Board did not
explicitly raise a jurisdictional challenge in its motion for summary
judgment.  Nonetheless, the Board=s summary-judgment ground implicitly
encompassed a jurisdictional aspect; i.e., because section 41.45(f) authorizes
a cause of action only when an appraisal board refuses to hold a hearing, a
trial court lacks jurisdiction under section 41.45(f) to review a board=s order and the procedures employed
during a hearing.  Moreover, subject matter jurisdiction may be raised for the
first time on appeal.  Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443B45 (Tex. 1993).

Based on
the above-cited authority, we conclude the trial court lacked jurisdiction
under section 41.45(f) to entertain Betz=s cause of action because the Board
conducted a hearing.  The present suit cannot be characterized as a timely
petition for review of the Board=s order because this suit was filed
approximately ten months after the Board issued its order.   See Tex.
Tax Code Ann. ' 42.21(a) (stating that petition for judicial review must be filed within
forty-five days after property owner receives notice that order has been
entered from which appeal is authorized). Betz may not circumvent the appeal
process prescribed in Chapter 42 by using section 41.45(f) to challenge the
Board=s order and procedures it employed
during the hearing.








Betz
cites Tarrant Appraisal Review Board v. Martinez Brothers Investments, Inc.,
in which an appraisal review board refused to schedule a hearing on some
protests because the property owners failed to comply with a prerequisite
adopted by the board relative to obtaining a hearing.  946 S.W.2d 914, 915B16 (Tex. App.CFort Worth 1997, no writ).  In the
property owner=s subsequent suit seeking to compel a hearing pursuant to section 41.45,
the appellate court held that the board improperly relied on the rule at
issue.  Id. at 917B18.  Martinez Brothers is distinguishable from the
present case because the Martinez Brothers court evaluated procedures on
which the Board relied when refusing to schedule a hearing.  See id.
at 915B18.  In contrast, Betz relies on
section 41.45(f) to challenge procedures used by the Board relative to the
hearing it actually conducted.

Finally,
Betz contends it was denied due process because of the purported procedural
inadequacies of the hearing.  However, a property owner=s right to due process relative to
collection of taxes is satisfied if it is given an opportunity to be heard
before an assessment board at some stage of the proceedings.  Sondock v.
Harris County Appraisal Dist., 231 S.W.3d 65, 70 (Tex. App.CHouston [14th Dist.] 2007, no pet.)
(citing ABT Galveston Ltd. P=ship v. Galveston Cent. Appraisal
Dist., 137 S.W.3d
146, 155 (Tex. App.CHouston [1st Dist.] 2004, no pet.); Denton Cent. Appraisal
Dist. v. CIT Leasing Corp., 115 S.W.3d 261, 266 (Tex. App.CFort Worth 2003, pet. denied); Dallas
County Appraisal Dist. v. Lal, 701 S.W.2d 44, 47 (Tex. App.CDallas 1985, writ ref=d n.r.e.)).  Betz was given an
opportunity to be heard.  We further reject Betz=s contention because it had the
opportunity to appeal the Board=s order and remedy any purported inadequacies of the hearing
but did not avail itself of this opportunity.

In sum,
we conclude the trial court did not err by granting summary judgment in favor
of the Board on Betz=s cause of action under section 41.45(f).  Accordingly, we
overrule Betz=s sole issue and affirm the trial court=s judgment.

 

 

/s/        Charles W. Seymore

Justice

 

Panel consists of Justices Yates,
Seymore, and Boyce.









[1]  The Board presented, among other summary-judgment
evidence, an audiotape of the hearing, but it is not in the record filed on
appeal. Nonetheless, even if we accept as true all Betz=s assertions regarding the hearing, we conclude the
trial court properly granted summary judgment.